IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL J. GAVION, JR. and MICHAEL JACKSON and AMANDA JACKSON, As Successors in Interest to the Rights of MICHAEL GAVION, JR., | § § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. H-16-1930 |
| v. | § § | |
| ACE AMERICAN INSURANCE COMPANY, | § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs brought this action against defendant ACE American Insurance Company ("ACE American") for failing to defend plaintiff Michael J. Gavion, Jr. in a suit arising from an automobile accident and for failing to pay the resulting judgment. Pending before the court are ACE American Insurance Company's Motion for Summary Judgment ("Defendant's MSJ") (Docket Entry No. 11) and plaintiffs' Motion to Strike Requests for Admissions and Alternatively to Extend Time to Respond to Those Requests ("Plaintiffs' Motion to Strike") (Docket Entry No. 12). For the reasons explained below, Plaintiffs' Motion to Strike will be granted in part and denied in part, and ACE American's Motion for Summary Judgment will be granted.

## I. Undisputed Facts and Procedural Background[1]

In August of 2009 plaintiff, Michael J. Gavion, Jr., drove into the path of a Houston Metropolitan Transit Authority train and was struck by the train. Gavion was driving a company vehicle provided to his mother, an employee of Xerox Corporation ("Xerox").

Gavion's mother lent Gavion the vehicle for personal use. Plaintiff Amanda Jackson was a passenger at the time of the accident and was injured as a result. She, along with plaintiff Michael Jackson, sued Gavion and ACE American in Louisiana state court (the "Louisiana action"). ACE American was dismissed from that suit. Gavion never appeared in the Louisiana action and never tendered the lawsuit to ACE American or sought a defense. The Jacksons obtained a default judgment against Gavion for $185,000. Gavion then assigned any rights he may have had to recover against ACE American to the Jacksons.

The Jacksons asserted Gavion's rights in a suit in the 129th Judicial District Court of Harris County, Texas. ACE American timely removed and now moves for summary judgment.

---

[1] Undisputed facts are taken from Plaintiffs' Original Petition, Exhibit 1 to Notice of Removal, Docket Entry No. 1-1, pp. 2-4; Defendant's MSJ, Docket Entry No. 11, pp. 7-9; and Michael J. Gavion, Jr., Michael Jackson and Amanda Jackson as Successors in Interest to the Rights of Michael Gavion, Jr.'s Opposition to ACE American Insurance Company's Motion for Summary Judgment ("Plaintiffs' Response"), Docket Entry No. 17, pp. 7-15.

## II. Motion for Summary Judgment

### A. Standard of Review

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Disputes about material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986). The moving party is entitled to judgment as a matter of law if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).

A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (quoting Celotex, 106 S. Ct. at 2553). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Id. If, however, the moving party meets this burden, "the nonmovant must go beyond the pleadings" and produce evidence that specific facts exist over which there is a genuine issue for trial. Id. (citing Celotex, 106 S. Ct. at 2553-54). The nonmovant "must do more than simply show that there

is some metaphysical doubt as to the material facts." <u>Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.</u>, 106 S. Ct. 1348, 1356 (1986).

In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." <u>Reeves v. Sanderson Plumbing Products, Inc.</u>, 120 S. Ct. 2097, 2110 (2000). Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." <u>Little</u>, 37 F.3d at 1075.

**B. Analysis**

1. <u>Requests for Admission</u>

ACE American served requests for admissions on Gavion on December 15, 2016.[2] As of the filing of ACE American's Motion for Summary Judgment on March 14, 2017, Gavion had not responded.[3] As part of its motion, ACE American moved to have the requests for admissions deemed admitted under Federal Rule of Civil Procedure 36(a)(3).[4] Gavion moved to strike the admissions and,

---

[2]Defendant's MSJ, Docket Entry No. 11, p. 4 n.12.

[3]<u>Id.</u>

[4]<u>Id.</u>; "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3).

-4-

alternatively, to extend the time to respond.⁵ Because an extension does not prejudice ACE American, and because Gavion provided the court with a credible reason for the delay, an extension will be granted. The admissions attached to Plaintiffs' Motion to Strike will be considered timely responses to ACE American's original requests for admission.⁶

2. Motion for Summary Judgment

This case turns on whether ACE American owed a duty to defend Gavion in the Louisiana action. ACE American's contractual duties in the event of a suit are described in Section IV.A.2 of ACE Policy No. ISA H08250388.⁷ The policy provides, in relevant part:

2. Duties In The Event Of Accident, Claim, Suit Or Loss

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

    a. In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the "accident" or "loss".

. . . .

    b. Additionally, you and any other involved "insured" must:

        (1) Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

---

⁵Plaintiffs' Motion to Strike, Docket Entry No. 12.

⁶See pp. 13-15 of Docket Entry No. 12 for responses.

⁷Business Auto Declarations, Exhibit A to Defendant's MSJ, Docket Entry No. 11-1, pp. 3-458.

>   (2) Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".[8]

It is undisputed that ACE American, as a party to that action, had notice of the Louisiana action. It is also undisputed that Gavion neither tendered the underlying lawsuit to ACE American nor demanded a defense at any time before the default judgment against Gavion in the Louisiana action.[9] The consequence of Gavion's failure to tender the Louisiana action to ACE American and to request a defense is the basis for ACE American's motion.

The Texas Supreme Court resolved this issue definitively in response to a certified question from the Fifth Circuit. See <u>National Union Fire Ins. Co. of Pittsburgh, PA v. Crocker</u>, 246

---

[8]<u>Id.</u> at 31-32.

[9]Gavion's response to ACE American's request for admission on this point makes clear that Gavion relies on ACE American's awareness of the suit and not any communication from Gavion:

> 1. Admit that you did not tender the Underlying Lawsuit to ACE for either defense or indemnity.
>
> ANSWER: Denied. ACE was aware of the Underlying Lawsuit (hereinafter sometimes referred to as "lawsuit") as it had been served with a copy of the same and filed motions to get itself dismissed as the Louisiana Direct Action Statute was inapplicable. As a result of being named in the lawsuit, both ACE and its counsel were fully aware of the claims pending against the plaintiff as he was a party to the same suit. Despite this knowledge, ACE did not undertake to provide the plaintiff with a defense and allowed a judgment to be entered against him.

Plaintiffs' Motion to Strike, Docket Entry No. 12, p. 13.

S.W.3d 603, 610 (Tex. 2008). The Texas Supreme Court held that "[i]nsurers owe no duty to provide an unsought, uninvited, unrequested, unsolicited defense." Id. This is, in part, because "[a]n insurer cannot necessarily assume that an additional insured who has been served but has not given notice to the insurer is looking to the insurer to provide a defense." Id. Assuming without deciding that Gavion would have been eligible for coverage, and drawing all reasonable inferences and resolving all factual controversies in favor of Gavion, there is no genuine dispute about any material fact in this action. Gavion sought no defense in the Louisiana action and thus is entitled to none. Gavion's failure was not that he did not notify ACE American that an action was pending but that he did not notify ACE American that he was entitled to, and expected, a defense when one was available. As a result, ACE American was prejudiced as a matter of law.[10] Gavion is therefore not entitled to recovery.

### III. Conclusions and Order

For the reasons explained above, Gavion's Motion to Strike is **GRANTED in part**. The court concludes, however, that Gavion has failed to raise a genuine issue of material fact for trial with

---

[10]See Maryland Casualty Company v. American Home Assurance Company, 277 S.W.3d 107, 117 (Tex. App.—Houston [1st Dist.] 2009, pet. dism'd) (concluding that insurer was prejudiced, as a matter of law, because "notice—provided only after the claims had been settled—was so late that it wholly deprived [the insurer] of its ability to defend the lawsuit").

regard to his alleged claim for relief. The court therefore concludes that ACE American is entitled to judgment as a matter of law. Accordingly, ACE American Insurance Company's Motion for Summary Judgment (Docket Entry No. 11) is **GRANTED**.

**SIGNED** at Houston, Texas, on this the 4th day of May, 2017.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE